IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| TRUSTEES OF THE INDIANA STATE COUNCIL OF ROOFERS HEALTH AND WELFARE FUND<br>P.O. BOX 5769<br>LAFAYETTE, IN 47903<br><br>    Plaintiffs,<br><br>-vs-<br><br>PROJECT INSULATION LLC<br>1479 NE 69TH PLACE #81<br>ANKENY, IA 50021<br><br>    Defendant. | CASE NO. 4:19-cv-27 |

## COMPLAINT

1. Plaintiffs Trustees of the Indiana State Council of Roofers Health and Welfare Fund are trustees of a multiemployer benefit plan and employee welfare plan. Defendant Project Insulation LLC is an employer that is obligated to make contributions to the Fund based upon a contractually agreed rate so that Defendant's employees may participate in and receive the employee benefits of the Fund. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Fund for the purpose of collecting contributions and other amounts due to the Fund.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred

upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3.  Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund of which Plaintiffs are Trustees is administered within the jurisdiction of the U.S. District Court, Northern District of Indiana.

## THE PARTIES

3.  Plaintiffs Trustees of the Indiana State Council of Roofers Health and Welfare Fund are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1). The Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Fund's principal place of business is located at P.O. Box 5769, Lafayette, Indiana 47903.

4.  Defendant Project Insulation LLC is an Iowa limited liability company with its principal place of business located at 1479 NE 69th Place #81. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## STATEMENT OF CLAIM

### COUNT I
**(ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)**

5.  Plaintiffs reallege each averment set forth above as if fully rewritten herein.

2

6. At all relevant times, Defendant was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA"). A true and accurate copy of the CBA is attached hereto as **Exhibit A**.

7. The terms of the CBA require Defendant to make contributions to the Fund, along with contributions to other employee benefit funds. The CBA also binds Defendant to the terms of the Fund's Trust Agreement. A true and accurate copy of relevant excerpts of the Fund's Trust Agreement is attached as **Exhibit B**.

8. The Fund's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written a written Collection Policy. A true and accurate copy of the Fund's Collection Policy is attached as **Exhibit C**.

9. Pursuant to the terms of the CBAs, Trust Agreement, and Collection Policy, Defendant is required to make monthly contributions to the Fund on behalf of each of its employees in an amount and under the terms set forth in the agreements.

10. The Fund's Collections Policy require Defendant to submit all monthly reports and contributions on or before the last day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent and subject to liquidated damages and interest.

11. Pursuant to the terms of the CBA, Trust Agreement, and Collection Policy, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant is liable for the costs of the audit.

12. As demonstrated by the findings of a payroll audit conducted for the period January 2016 through August 2018, Defendant violated the CBAs, Trust Agreement, and Collection Policy by failing to make the required contributions and/or work reports for work performed during that period. According to the audit, Defendant owes $44,673.08 in delinquent contributions to the Fund for work performed during the audit period. A true and accurate copy of the audit report is attached as **Exhibit D**.

13. Pursuant to the terms of the CBA, Trust Agreement, and Collection Policy, the amounts owed for contributions are immediately due, plus liquidated damages, interest, and audit costs.

14. Defendant's failure to forward contributions, liquidated damages, interest, and other amounts due and owing violates ERISA § 515, 29 U.S.C. § 1145, and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

**COUNT II**
**(LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)**
**(Failure to Pay Contributions)**

15. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

16. At all relevant times, Defendant was a party to and agreed to abide by the terms of one or more CBAs.

17. The terms of the CBA require Defendant to make contributions to the Fund, along with contributions to other employee benefit funds. The CBA also binds Defendant to the terms of the Fund's Trust Agreement.

18. The Fund's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written a written Collection Policy.

4

19. Pursuant to the terms of the CBA, Trust Agreement, and Collection Policy, signatory employers are required to make monthly contributions to the Fund on behalf of each of their employees in an amount and under the terms set forth in the agreements.

20. The Fund's Collections Policy requires Defendant to submit all monthly reports and contributions on or before the last day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent and subject to liquidated damages and interest.

21. Pursuant to the terms of the CBAs, Trust Agreement, and Collection Policy, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant is liable for the costs of the audit.

22. As demonstrated by the findings of a payroll audit conducted for the period January 2016 through August 2018, Defendant violated the CBAs, Trust Agreement, and Collection Policy by failing to make the required contributions and/or work reports for work performed during that period. According to the audit, Defendant owes $44,673.08 in delinquent contributions to the Fund for work performed during the audit period.

23. Pursuant to the terms of the CBA, Trust Agreement, and Collection Policy, the amounts owed for contributions are immediately due, plus liquidated damages, interest, and audit costs.

24. Defendant's failure to forward contributions, liquidated damages, interest, and other amounts that are due and owing is a breach of the CBA, and Plaintiffs seek to remedy that breach pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
## (ERISA Section 515, 219 U.S.C. Section 1145 – Failure to Pay Liquidated Damages)

25. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

26. At all relevant times, Defendant was a party to and agreed to abide by the terms of one or more CBAs.

27. The terms of the CBA require Defendant to make contributions to the Fund, along with contributions to other employee benefit funds. The CBA also binds Defendant to the terms of the Fund's Trust Agreement.

28. The Fund's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written a written Collection Policy.

29. Pursuant to the terms of the CBA, Trust Agreement, and Collection Policy, signatory employers are required to make monthly contributions to the Fund on behalf of each of their employees in an amount and under the terms set forth in the agreements.

30. The Fund's Collections Policy requires Defendant to submit all monthly reports and contributions on or before the last day of the month following the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent and subject to liquidated damages of 10% and interest at the rate of 1% per month.

31. As demonstrated by the findings of a payroll audit conducted for the period January 2016 through August 2018, Defendant violated the CBAs, Trust Agreement, and Collection Policy by failing to make the required contributions and/or work reports for work performed during that period. According to the audit, Defendant owes $44,673.08 in delinquent contributions to the Fund for work performed during the audit period.

32.     Because Defendant timely failed to timely pay the contributions shown to be due and owing in the audit, Defendant owes liquidated damages of 10% of the contributions amount due, and interest at the rate of 1% per month continues to accrue from the due date of the contributions until such amount is paid in full.

33.     Despite repeated demands to do so, Defendant has failed and otherwise neglected to may payment to Plaintiffs.

34.      Defendant's actions violate ERISA § 515, 29 U.S.C. § 1145, and Plaintiffs seek to remedy that violation pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

**COUNT IV**
**(LMRA Section 301, 29 U.S.C. 185 – Breach of Contract)**
**(Failure to Pay Liquidated Damages)**

35.     Plaintiffs reallege each averment set forth above as if fully rewritten herein.

36.     At all relevant times, Defendant was a party to and agreed to abide by the terms of one or more CBAs.

37.     The terms of the CBA require Defendant to make contributions to the Fund, along with contributions to other employee benefit funds. The CBA also binds Defendant to the terms of the Fund's Trust Agreement.

38.     The Fund's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written a written Collection Policy.

39.     Pursuant to the terms of the CBA, Trust Agreement, and Collection Policy, signatory employers are required to make monthly contributions to the Fund on behalf of each of their employees in an amount and under the terms set forth in the agreements.

40.     The Fund's Collections Policy requires Defendant to submit all monthly reports and contributions on or before the last day of the month following the month in which work was

performed. In the event that contributions are not made by the due date, they are delinquent and subject to liquidated damages of 10% and interest at the rate of 1% per month.

41. As demonstrated by the findings of a payroll audit conducted for the period January 2016 through August 2018, Defendant violated the CBAs, Trust Agreement, and Collection Policy by failing to make the required contributions and/or work reports for work performed during that period. According to the audit, Defendant owes $44,673.08 in delinquent contributions to the Fund for work performed during the audit period.

42. Because Defendant timely failed to timely pay the contributions shown to be due and owing in the audit, Defendant owes liquidated damages of 10% of the contributions amount due, and interest at the rate of 1% per month continues to accrue from the due date of the contributions until such amount is paid in full.

43. Despite repeated demands to do so, Defendant has failed and otherwise neglected to may payment to Plaintiffs.

44. Defendant's actions are a breach of the CBA, and Plaintiffs seek to remedy that breach pursuant to LMRA § 301, 29 U.S.C. § 185.

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

A. Judgment on behalf of Plaintiffs and against Defendant in the amount of $44,673.08 for unpaid contributions as shown in the audit report;

B. Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions for the work month of September 2018 forward, including unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

C.  Judgment on behalf of Plaintiffs and against Defendant for liquidated damages of 10% of all late and/or unpaid contributions, as provided for under the CBA, Collection Policy, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(A);

D.  Judgment on behalf of Plaintiffs and against Defendant for accumulated interest at the rate of 1% per month for late and/or unpaid contributions from the respective due dates of such contributions;

E.  Judgment on behalf of Plaintiffs and against Defendant for the cost of the payroll audit;

F.  An award of attorneys' fees and costs as provided for by the terms of the CBA, Trust Agreement, Collection Policy, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

G.  An Order retaining jurisdiction over this cause pending compliance with all Orders; and

H.  Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARISI LLC

/s/ Paul E. Stoehr
Paul E. Stoehr (OH #0096213)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
pstoehr@fringebenefitlaw.com
*Attorneys for Plaintiffs*